EUGENIO RODRÍGUEZ SUÁREZ, demandante y apelante, *v.* THE STAR FRUIT COMPANY, demandada y apelada.

No. 4482.—*Visto:* Enero 30, 1928.  *Resuelto:* Febrero 15, 1928.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—TRANSCRIPCIÓN DE LA EVIDENCIA—PREPARACIÓN—ORDEN DE LA CORTE.—Presentada moción para que la corte ordene la preparación de la transcripción de la evidencia de acuerdo con la Ley No. 27 de 1917 ((2) pág. 275), el hecho de que la corte provea a dicha moción "como se pide" y no por orden en forma dirigida al taquígrafo, que es la buena práctica a seguir, no quiere decir que la corte, no actuara, ni que la actuación de la corte en esa forma dé motivo a la desestimación del recurso interpuesto.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—TRANSCRIPCIÓN DE LA EVIDENCIA—PREPARACIÓN—TÉRMINO PARA ELLA—PRÓRROGA.—Cuando a moción para ordenar la preparación de la transcripción de la evidencia por el taquígrafo la corte provee "como se pide" y antes de vencer el término de ley para la preparación de dicha transcripción se solicita prórroga de treinta días a partir de aquel en que vence dicho término, no puede sostenerse que la orden de la corte "como se pide" recaída a la moción de prórroga sea nula por razón de haberse concedido a partir de una fecha que no había sido legalmente fijada mediante dicho "como se pide" a la primera moción y no procede desestimar.

Moción sobre desestimación de apelación, interpuesta ésta contra sentencia de *Pablo Berga,* J. (San Juan), declarando sin lugar demanda de deslinde.  *Denegada.*

*Miguel García González,* abogado del apelante; *R. Cuevas Zequeira* y *O. M. Wood,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dictada sentencia declarando la demanda sin lugar en este pleito, el demandante apeló y el propio día en que archivó su notificación,—julio 26, 1927,—presentó una moción manifestando que se acogía a la Ley No. 27 de 1917 y en tal virtud suplicaba a la corte que ordenara al taquígrafo

que preparara la transcripción. A esa moción, la corte, el 28 de julio de 1927, proveyó: "Como se pide."

El 11 de agosto siguiente el apelante relacionando los hechos anteriores y alegando tener informes de que la transcripción no podría prepararse por estar el taquígrafo de vacaciones, solicitó "una prórroga de treinta días, a partir del día en que vence el término legal de veinte días que concede la ley," y la corte, dos días después volvió a proveer: "Como se pide." Posteriormente el propio taquígrafo ha ido solicitando prórrogas que subsisten aún.

Así las cosas, la demandada apelada pide a esta Corte Suprema que desestime el recurso porque "la providencia dictada . . . . en julio 28 de 1927 es nula y sin valor legal alguno, . . . . por cuanto no se ajusta a lo que dispone la sección 2 de la Ley No. 27, . . . . toda vez que la Corte no ha dictado orden alguna a virtud de la cual el taquígrafo venga obligado a transcribir fiel y completamente el récord . . . . y la demandada alega, además, que la prórroga de treinta días concedida a virtud de la moción de 11 de agosto de 1927 es nula por el carácter vago e indeterminado que tiene, por razón de haberse concedido a partir de una fecha que no había sido legalmente fijada . . . ."

[1, 2] Estamos enteramente conformes con la parte demandada y apelada en que la corte debió haber dictado una orden en forma dirigida al taquígrafo. Esa es la práctica que debe seguirse. Pero no lo estamos en las consecuencias que la dicha parte demandada y apelada pretende que sufra el apelante a virtud de la actuación de la corte.

La moción del apelante de 27 de julio, 1927, cumple con todas las exigencias de la ley, y las palabras "como se pide," usadas por la corte, constituyen una fórmula legal consagrada por los años que quiere decir que todo lo solicitado se concede en la forma en que se insta y de acuerdo con la ley.

Siendo esto así, no puede sostenerse que se dejara de actuar. Se actuó implícitamente ordenando al taquígrafo

que preparara la transcripción dentro del término de ley, o sea el de veinte días. Y como ese término tenía un punto de partida claro, tampoco puede sostenerse que sea nula la otra orden "como se pide" que recayó a la moción de prórroga de 11 de agosto de 1927, presentada en tiempo.

Pudo haber surgido alguna complicación si el apelante se hubiera abandonado y el taquígrafo no se hubiera dado por enterado, pero como el apelante solicitó y obtuvo la primera prórroga en tiempo y luego el taquígrafo acatando la orden de la corte comprendida dentro del primer "como se pide," actuó en consecuencia solicitando prórrogas para cumplirla, hay que concluir que la apelación está en pie y por tanto *que no ha lugar a desestimarla.*